PONDER, Justice.
 

 The defendant, Joseph Mancuso, was charged by information with having violated Section 2 of Act 165 of 1924, in that he willfully and unlawfully did buy, take and otherwise dispose of and traffic in bottles bearing the trade mark, trade style and trade designation of the American Beverage Company, Incorporated, without the written consent of the corporation. The case was allotted to Section “C” of the Criminal District Court for the Parish of Orleans. Upon trial the defendant ’was convicted and sentenced to pay a fine of $50 or serve three months imprisonment in' the parish jail in default of payment of the fine. He appealed from the conviction and sentence to Appellate Division No. 2 of the Criminal District Court for the Parish of Orleans. Upon submission of the appeal the appellate court on May 19, 1941, gave judgment reversing the findings of the trial court, set aside the conviction and sentence and ordered the defendant discharged. On May 22, 1941, the State applied for a rehearing, which was granted by the appellate court and set for hearing for October 31, 1941. Counsel for defendant moved to dismiss the rehearing. One of the grounds set forth in counsel’s motion was to the effect that the application for a rehearing was not timely filed and that for this reason the order granting the rehearing was null and of no effect. The appellate court overruled the motion to dismiss the rehearing, whereupon counsel for the defendant applied to this Court for the writs of certiorari, mandamus and prohibition. The writs were granted and are now submitted for our determination.
 

 Counsel for the relator, defendant, contends that the appellate court is without authority to entertain the rehearing in this cause for the reason that the judgment was final and executory at the time the application for a rehearing was filed. This contention is based on the provisions of Article 561 of the Code of Criminal Procedure which reads as follows:
 

 “All judgments in all criminal cases rendered by a District Court under its appellate or supervisory jurisdiction shall become final and executory on the third calendar day after rendition, in term time and out of term time, unless the last day shall fall on a legal holiday or legal half-holiday, in which event the delay shall be extended to the first day thereafter not a legal holiday ; provided that in the interval a rehearing shall not have been applied for; provided, further, that in the recess of the court the judge shall have the right to dispose, at chambers, of any application for rehearing.”'
 

 Counsel for the respondent, the State, takes the position that the application for a rehearing was timely filed under the rules of the appellate court. Counsel contends that the exclusive and mandatory power to make rules regulating appeals and rehearings was conferred on the appellate court by Article 7, section 83, of the Constitution and that the rules of the court adopted in pursuance thereof governing appeals and
 
 *257
 
 rehearings cannot be impinged upon by the Legislature.
 

 Section 2 of Rule 18 of the .Criminal District Court, the appellate court herein, reads as follows:
 

 “If no application for rehearing has been filed within three judicial days after rendition of judgment, the judgment becomes final and irrevocable, and on the following day a certified copy of the decree shall be forwarded to the Court of first instance for execution.”
 

 The pertinent part of Article 7, section 83, of Constitution of 1921 reads as follows :
 

 “In all cases tried before the judges of the said Criminal District Court in which an appeal does not lie to the Supreme Court, and in cases tried before the Juvenile Court, an appeal shall lie on questions of law and fact to two or more of the judges of the said Criminal District Court, as may be prescribed by said court; and the court shall adopt rules regulating the manner of taking and hearing and deciding said appeals.”
 

 The controversy resolves itself to the question of whether the article of the Code of Criminal Procedure or the rule of the appellate court is controlling.
 

 The appellate court rendered its decision in this cause on May 19 and on May 22, the third calendar day after the judgment was rendered, the application for a rehearing was filed. At the time the application for a rehearing was filed the judgment was final and executory. Article 561, Code of Criminal Procedure. Counsel for the respondent concedes that we have on numerous occasions construed other acts containing similar verbiage to this effect, but counsel appears to rely solely on his contention that the rules of the appellate court are controlling herein.
 

 The constitutional provision relied upon provides that the court shall adopt rules regulating the manner of taking, hearing and deciding appeals. We find nothing in the language used to indicate any intention 'On the part of the framers of the Constitution to confer upon the court the authority to make rules in contravention of expressed statutory law or to grant the court the exclusive right to regulate the procedure governing appeals and rehearings. The provision merely makes it the duty of the court to adopt rules, but no language is used therein which would even suggest that it was the intention to confer upon the court the exclusive and unrestricted power to regulate appeals and rehearings. In the absence of any provision to the contrary, the authority granted contemplates that the rules are to be made consistent with law and not in contravention thereof. The rule of the court involved herein being inconsistent with Article '561 of the Code of Criminal Procedure must therefore yield to the statute.
 

 For the reasons assigned the Criminal District Court for the Parish of Orleans, Appellate Division No. 2, is prohibited from entertaining this cause on rehearing and the relator, John Mancuso, is ordered discharged.